# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2020

Lyle W. Cayce
Clerk

No. 19-40401

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

ENRIQUE E. QUINTANA,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-191

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Enrique E. Quintana, federal prisoner # 15321-035, pleaded guilty to three counts of production of child pornography, and the district court sentenced him to a total term of imprisonment of 708 months. Quintana seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence. He argues that reasonable jurists could debate the district court's resolution of his claims of actual innocence, ineffective assistance of counsel related to prosecutorial misconduct

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and voluntariness of his plea, and a substantively unreasonable sentence. Quintana claims that the district court erred in determining that his guilty plea waived his challenges to nonjurisdictional defects in the proceedings and argues that it should have considered the merits of all of his claims. He asserts that the district court also erred by not considering evidence related to his Fourth Amendment claim.

To obtain a COA as to the district court's denial of his § 2255 motion, Quintana must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Quintana has not made the requisite showing. *See id.*

In addition, Quintana asserts that the district court should have held an evidentiary hearing on his § 2255 motion. However, he failed to brief the issue and it is therefore abandoned. *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Quintana's motion for a COA is DENIED. A COA is not required to appeal the denial of an evidentiary hearing in a federal habeas proceeding. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016) (§ 2254 case). Quintana's request for a COA on the evidentiary hearing issue is DENIED as unnecessary and the appeal is DISMISSED as to that claim.